## Hilton v. Willought

*Joseph F. Van Horn*, for additional defendant Hilton.

*A. L. Feingold*, for plaintiff James.

MARUTANI, *J.*, February 1, 1980—Doris Hilton, a plaintiff who was joined as an additional defendant in this trespass action (motor vehicle accident), has filed her motion to compel Antinina James, a plaintiff who was a passenger in the vehicle operated by Hilton, to answer Hilton's interrogatories directed to James.

Hilton's interrogatories, in sixteen numbered paragraphs, address themselves to customary and basic areas of inquiry.[1]

---

1. The interrogatories seek information relating to the nature and status of injuries claimed, medical treatments received and costs thereof, dates of examination and confinement, amount and bases of any claimed loss of earnings and scope of claimed impairment of earning power, occurrence of any prior accidents involving the areas claimed to have been injured in the instant accident,—there being an allegation in paragraph 19 of the complaint that plaintiff James "sustained injuries in and about the head, teeth, body and extremities and/or *aggravated a pre-existing condition* concerning these

James has filed no answers, presumably purporting to have objected to all sixteen interrogatories by a general assertion that the interrogatories are "extremely broad, burdensome, and improper," and "cit[ing] the following as some examples":

"Interrogatories 5 and 6 are improper as to amount of medical charges that have been paid. . . . Interrogatory 10 is improper as to whether or not plaintiff received wages during any time lost from work. . . .[2]"

"Interrogatories 11 and 13 are extremely broad and unspecific requesting information as to impairment of earning power not covered under other 'financial losses.' Plaintiff cannot be expected to guess what defense counsel means by 'other financial losses' nor are these questions proper as to amounts actually paid to persons for household help, etc.[3]"

"Interrogatories 14 and 15 request information concerning prior accidents, injuries or suits started but these questions have no time limitation placed upon them and it would be extremely burdensome to require plaintiff to answer same for plaintiff's entire lifetime. The Rules of Civil Procedure state

---

parts. . . ." (emphasis supplied),—and identity of witnesses. In her motion Hilton has conceded that James need not state whether the medical bills had been paid, or wage losses reimbursed; further, that as to any prior accidents, a time frame of 20 years would be reasonable. There is no evidence as to the age of plaintiff James.

2. As indicated in footnote 1, supra, Hilton has conceded that James need not answer whether medical bills have been paid or wage losses reimbursed.

3. See footnote 2, supra.

that there must be a reasonable time limit placed upon such an interrogatory.[4]"

"Interrogatory 16 is also broad and unspecific requesting names and addresses of each and every person who has some knowledge of any fact pertaining to this accident. It would be impossible to know the name of each and every individual who may have some knowledge concerning this accident."

## DISCUSSION

Pa.R.C.P. 4011 sets forth four specific categories of impermissible discovery. When interposing an objection, counsel would be well-advised to specify which of these four categories is applicable[5] and to state in support the "reasons for the objection" as mandated by Rule 4006. Failure to comply with these defined prescriptions leads to imprecision and invites confusion. Furthermore, under the present posture of the purported objections, the court is faced with the unjustified burden of attempting to fathom the basis, if any, for the objections, with the attendant risk of settling upon either an unintended or erroneous basis, or both.

A bald, broad assertion that the interrogatories are "extremely broad, burdensome, and improper" is thus inadequate. Moreover, refusal to provide *any* answer to an interrogatory merely because *some* portion of the interrogatory may be techni-

---

4. Again, as indicated in footnote 1, supra, Hilton indicates a willingness to restrict the time frame to 20 years.

5. Further, when the category is subsection (b) of Rule 4011, the objecting party should state which of the five bases enumerated therein is or are applicable.

cally objectionable is not in keeping with the spirit, nor a fair reading of the language of Rule 4006(a)(2) which provides, in pertinent part, that: "The statement of an objection shall not excuse the answering party from answering all remaining interrogatories to which no objection is stated." Thus, instantly for example, where plaintiff's objection was limited to whether her medical bills had been paid, plaintiff should have registered her objection thereto and then otherwise simply answered "fully and completely"[6] the remainder of that interrogatory. Such would have promoted a "just, speedy and inexpensive determination"[7] of the issue.

Upon consideration of the foregoing principles, we conclude that as to those interrogatories to which plaintiff purportedly objected as being "extremely broad, burdensome, and improper,"[8] such purported objection is inadequate to exempt plaintiff from filing answers thereto. Further, as to those interrogatories inquiring into plaintiff's claim of monetary losses, including obligations incurred, plaintiff shall file answers thereto excluding, however, any statement as to whether plaintiff has been reimbursed or paid out any such sums.[9] Plaintiff's objections to the remaining interrogatories[10]

6. Pa.R.C.P. 4006(a)(2).

7. Pa.R.C.P. 126.

8. Specifically, interrogatories 1 through 4, 7 through 9, and 12.

9. Interrogatories 5, 6, 10, 11 and 13.

10. Interrogatories 14, 15 and 16.

must be overruled. Interrogatories 14 and 15 seek information relating to any prior accident involving injuries "to any part of the body for which you are now making claim of injury," a manifestly relevant subject of discovery.[11] Finally, as to interrogatory 16, plaintiff's objection that "[i]t would be impossible to know the name of each and every individual who may have some knowledge concerning this accident" must be viewed as devoid of any merit.[12] Plaintiff is merely being called upon to respond in good faith to this relevant interrogatory and not, as plaintiff would have us believe, perform the "impossible." Should there be any trepidation on plain-

---

11. Plaintiff's plea that such inquiry "would be extremely burdensome to require plaintiff to answer same for plaintiff's entire lifetime" may not be readily accepted; there indeed is nothing in the record,—the requisite "reasons for the objection" as directed by Rule 4006(a)(2),—to indicate, for example, that plaintiff James is engaged in some occupation which subjects her to repeated and unusual trauma to her "head, teeth, body and extremities" (paragraph 19, plaintiff's complaint), such as perhaps being a professional roller-derby contestant. Even if such were the case, a defendant being charged with abuse to such areas which indeed may have been subjected to prior trauma ought to be informed and have an opportunity to explore the scope of any pre-existing condition.

12. Hilton's interrogatory 16 reads as follows:
"16. If known to you, your attorney or other representative, set forth the name, home address and business address of the following persons:
(a) Those who actually saw all or any part of the accident;
(b) Those who were present at or near the scene at the time of the accident;
(c) Those who have any knowledge of any facts pertaining to the cause of the accident or acts of negligence by the defendant alleged in your complaint."
In passing, it may be noted that this interrogatory opens with the phrase "[i]f known to you. . . ."

tiff's part that she may be barred from presenting any after-discovered witnesses, such fear would be, and is, without justification. Rule 4007.4(1) not only permits, but indeed directs, that "[a] party is under a duty seasonably to supplement his response with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters. . . ."

We have here discussed in some detail that which hopefully would have been apparent to the parties. We have done so in the expectation that should litigants henceforth have any doubts, such will now have been clarified; that the courts will not be plagued by needless burdens being added to an already overtaxed docket; that the stated policy of "just, speedy and inexpensive determination of every action or proceeding" shall not be frustrated.

For present purposes, there is hereby entered the following

## ORDER

And now, February 1, 1980, upon consideration of the motion to strike plaintiff's objections to interrogatories and compel plaintiff to answer interrogatories filed by additional defendant, Doris Hilton, directed to plaintiff, Antinina James (as well as consideration of the latter's response thereto), it is hereby adjudged, ordered and decreed that additional defendant's motion to strike is *granted* and plaintiff, Antinina James, is *directed to file answers* within 30 days from date hereof as to all interrogatories excepting, however, that as to interrogatories 5, 6, 10, 11 and 13, said plaintiff need not state whether she has been reimbursed or has paid out sums of money.

Upon failure, if any, of plaintiff to comply with the terms of this order, upon motion appropriate sanctions may be imposed.